UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL DUKES for RALPH DUKES (deceased),<br><br>       Plaintiff,<br> – against –<br><br>NYCERS (New York City Employees' Retirement System) and Board of Trustees,<br><br>       Defendant. | **MEMORANDUM, JUDGEMENT & ORDER**<br><br>13-cv-5303 |



**JACK B. WEINSTEIN, Senior United States District Judge:**

I. **Introduction**

Plaintiff's *pro se* complaint challenges a final decision by New York City Employees' Retirement System ("NYCERS") denying her deceased husband, Ralph Dukes, accidental death benefits under the World Trade Center Disability Law. *See* N.Y. Code §§ 13-252.1, 13-244. She seeks a court order reclassifying her husband's death as "Accidental Death Status, Line of Duty Status & Benefits as the Result of Death Resulting from WTC Exposure" under New York State's World Trade Center Law. *See* Compl. at 1, ECF No. 1.

Defendant moves to dismiss the case. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(2). Subject matter jurisdiction is lacking. The motion is granted.

II. **Law**

 A. **12(b)(1) Motion to Dismiss**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In deciding a motion to dismiss for lack of

1



subject matter jurisdiction under Rule 12(b)(1), reference to evidence outside the pleadings is appropriate. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *see also Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

## B. Subject Matter Jurisdiction

Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction also exists "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Citizenship, within the meaning of the diversity statute, is determined by domicile. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, as the intention of returning." *Id.* "Domicile must be established by the totality of the evidence of a person's contacts with a state and of his intent to remain there." *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y 1986). A person can have only one domicile at any given time. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

## III. Application of Law to Fact

Plaintiff requests review of an administrative determination by NYCERS. A challenge to a determination of a New York state or local government entity must be brought in state court pursuant to Article 78 of the New York Civil Practice Laws and Rules. "Article 78 'provides the mechanism for challenging a specific decision of a state administrative agency.'" *Campo v. New York City Employees' Retirement Sys.*, 843 F.2d 96 (2d Cir. 1988) (*quoting Liotta v. Rent Guidelines Board*, 547 F.Supp. 800, 802 (S.D.N.Y.1982)).

"New York State has not empowered the federal courts to consider such claims." *Morningside Supermarket Corp. v. New York State Dep't of Health,* 432 F. Supp. 334 (S.D.N.Y. 2006). The complaint does not raise a question of federal law.

There is no diversity jurisdiction. The evidence and testimony establish that plaintiff primarily resides in her Staten Island apartment and was domiciled in New York when the action was started. Hr'g Tr. 7. Plaintiff contends that she "reside[s] in Staten Island," but that her "domicile is in Pennsylvania." Hr'g Tr. 3:15-16; Pls. Opp'n to Def.'s Mot. to Dismiss ("Pls. Opp'n"). She has homes in both Pennsylvania and Staten Island. *See e.g.,* Hr'g Tr. 3-4; Pls. Opp'n., Exs. D-K.

Plaintiff testified that she lives in her Staten Island home with her infirm mother who needs full time care. Hr'g Tr. 7-9. She expressed the intent to remain in Staten Island indefinitely to continue caring for her mother and working in New York City. Hr'g Tr. 12. In May 2003, shortly before the instant action was commenced, plaintiff filed an application with the New York City Department of Health and Mental Hygiene to run a daycare business out of her Staten Island apartment. Hr'g Tr. 10-11; Court Ex. 1, Jan. 29, 2014. In that application plaintiff listed Staten Island as her current address. Court Ex. 1, Jan. 29, 2014. Currently she lives and works in Staten Island. Hr'g *Tr.* 3-4, 7-9.

Construing the *pro se* complaint liberally and drawing all inferences in her favor, plaintiff has failed to establish diversity. The facts show that both parties are residents of New York.

I.  **Conclusion**

Lacking is jurisdiction to consider plaintiff's claims. Defendant's motion to dismiss is granted. Costs and disbursements are denied.

3

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 10, 2014
Brooklyn, New York